BENJAMIN B. WAGNER
United States Attorney
KURT A. DIDIER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

Attorneys for the Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:13-CV-00112-LJO-SMS |
| Plaintiff, | ) | |
| | ) | **SETTLEMENT AGREEMENT** |
| v. | ) | **AND PROPOSED ORDER** |
| AMY LOPEZ, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  PARTIES

1.  Plaintiff, United States of America, and Defendant Amy Lopez (collectively, the Parties), hereby agree to resolve the United States' civil action to recover money for Defendant's breach of her student loan contract as set forth below (the Agreement).  The Agreement is based upon the following facts:

## II.  BACKGROUND

2.  Defendant resides in and maintains a law practice in this District.

3.  The complaint alleges that on April 1, 2005, Defendant signed a promissory note to consolidate her student loans through the U.S. Department of Education's Federal Direct Consolidation Loan Program pursuant to the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087a *et seq*.  On April 18, 2005, the United States disbursed $120,204.24 to Defendant with interest thereon at 8.25 per cent per annum.

4.  Defendant defaulted on the loan on September 23, 2008.

Settlement Agreement and Proposed Order

5.  The Department of Education has credited a total of $13,468.55 towards Defendant's loan balance.  Nonetheless, there remains a balance due representing unpaid principal, interest and authorized attorneys' fees and collection costs.

6.  As of January 14, 2013, the total debt owed on Defendant's loan is $188,820.01 with interest accruing at the rate of $29.97 per day.

7.  Defendant admits the complaint's allegations.

### III.  TERMS AND CONDITIONS

8.  In consideration of their mutual promises and covenants, the Parties agree to settle this litigation upon the following terms:

A.  Entry of Judgment.  Defendant consents to entry of judgment in favor of the United States in the amount of $150,000.00 (the Judgment Amount), representing unpaid principal and interest.  Defendant has reviewed and "approved for form and content" the judgment lodged with the Court and shall satisfy the Judgment Amount via the payment plan set forth below.

B.  The United States may perfect its judgment by filing abstracts of judgment in the counties in which Defendant resides or may maintain real property interests.  Except as otherwise provided herein, the United States agrees that it will not otherwise seek to enforce its judgment provided Defendant complies with this Agreement's terms.  Further, if Defendant pays the Judgment Amount as set forth below, this amount shall be reduced to $135,000.00 from $150,000.00.  Upon Defendant's fulfillment of the Agreement, the United States will file a satisfaction of judgment with the Court.

C.  Defendant's payment plan.  Beginning on January 1, 2013, and on or before the dates stated below, Defendant shall pay the United States as follows:

      i.  January 1, 2013, $1,000.00;

      ii.  February 1, 2013, $5,000.00;

      iii.  March 1, 2013, $650.00;

      iv.  April 1, 2013, $650.00;

      v.  May 1, 2013, $5,000.00; and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

vi.   June 1, 2013, and continuing the first of each month thereafter until paid in full, $650.00, in U.S. legal tender, to satisfy the Judgment Amount.  Post judgment interest shall accrue at the rate of one percent (1%), compounded annually.  Appendix "A" hereto sets forth the amortization schedule for the reduced $135,000.00 payment plan, which shall remain in effect provided Defendant does not default, or fails to timely cure a default, under these payment provisions.

D.   Defendant agrees to be placed in the Treasury Offset Program (TOP), with any and all tax refunds, federal stimulus funds or other federal monies subject to the TOP being applied to the Judgment Amount.  The United States will credit Defendant dollar-for-dollar for any set-offs, but until the Judgment Amount is satisfied, Defendant remains obligated to perform per the terms of this Agreement.

E.   Defendant's monthly payments are due by the 1st day of each month until the Judgment Amount is satisfied.  Checks must be payable to the **United States Department of Justice**.   Until notified otherwise, Defendant's payments are due at the United States Attorney's Office, Attention Financial Litigation Unit (FLU), 501 I Street, Suite 10-100, Sacramento, CA 95814.

F.   During the period of the payment plan, Defendant may request a reduction in the amount of her installment payments if she believes a deterioration of her financial condition imperils her ability to comply with the Agreement.  Defendant shall submit her request in writing to the FLU at its address listed above and shall support her request with her signed and filed tax returns and schedules and any other relevant financial documentation.  Defendant shall provide any additional documents and information sought by the FLU for its determination whether a financial adjustment is justified.  The FLU has the sole authority to determine the amount and duration of any adjustment to Defendant's payment plan obligations.  Conversely, there is no prepayment penalty and Defendant is encouraged to increase her payments as her financial situation allows.  Beginning on February 1, 2014, and at least annually thereafter, the United States may review and evaluate whether Defendant's financial condition warrants an increase in the amount of her monthly payments.  Defendant shall produce the financial documentation

Settlement Agreement and Proposed Order          3

requested by the United States for this evaluation.

G.  Default.  Defendant shall be in default if she fails to make a timely payment and thereafter fails to cure the default within fifteen (15) days from the date the United States mails written notice of the deficiency to Defendant at the address stated in paragraph 8H, below. If Defendant fails to cure her default, the United States may declare any unpaid balance immediately due and owing and proceed with collection efforts against Defendant.  If the United States is required to enforce the judgment, Defendant agrees to a litigation surcharge of $15,000.00 to compensate the United States for its collection costs.  No further notice is required.

H.  Written Notice.  Except as provided elsewhere in this Agreement, whenever written notice is required, the notice shall be addressed and mailed to the individuals identified below, unless those individuals or their successors give notice of a change of address to the other party in writing.

As to the United States:

> Kurt A. Didier
> Assistant United States Attorney
> United States Attorney's Office
> 501 I Street, Suite 10-100
> Sacramento, CA 95814
> Phone 916-554-2700
> Facsimile 916-554-2900

As to Defendant:

> Amy Lopez, Esq.
> 225 W. Shaw Avenue, Suite 101
> Fresno, CA 93704
> Phone 559-221-6800
> Facsimile 559-221-6803

The 15 day cure period provided by the default notices referenced in paragraph 8G, above, commences from the date the United States mails a default notice to Defendant.  All other notices and shall be considered effective upon receipt.

9.  In consideration of Defendant's undertakings, and subject to the exceptions stated below, the United States fully and finally releases Defendant, her officers, directors, agents and employees and agrees to settle and relinquish all claims it may have against Defendant arising

Settlement Agreement and Proposed Order                4

from the subject matter of this action.

10.  Defendant fully and finally releases the United States, its agencies, employees, servants, contractors and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) which Defendant asserted, could have asserted, or may assert in the future against the United States, its agencies, employees, servants, contractors and agents arising from the subject matter of this action.

11.  With respect to the Parties' mutual releases, each understands and agrees that this Agreement shall release all existing and future claims arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action, including claims that are unknown and unforeseen, notwithstanding Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing [this] Release, which if known by him or her, must have materially affected his or her settlement with the debtor.

12.  If Defendant's obligations under this Agreement are avoided for any reason, including, but not limited to the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option, may rescind the releases in this Agreement and bring any civil and/or administrative claim, action or proceeding against Defendant for the claims that would otherwise be covered by the releases provided herein, and Defendant agrees that she shall not plead, argue or otherwise raise any defenses under the theories of statutes of limitations, laches, estoppel or similar theories that relate to the timing of the filing of any such civil or administrative claim, action or proceeding that are brought by the United States within ninety (90) calendar days of written notification to the Defendant that the releases herein have been rescinded pursuant to this paragraph, except to the extent such defenses were available on January 1, 2013.   If the United States rescinds the releases in this Agreement, Defendant shall be relieved of all obligations under the Agreement.

13.  This Agreement is for the Parties' benefit only.

Settlement Agreement and Proposed Order                5

14. The Parties agree to execute and deliver such other and further documents as may be required to carry out the terms of this Agreement.

15. Each Party and signatory to this Agreement represents that he or she freely and voluntarily enters into this Agreement without any degree of duress or compulsion.  They hereby declare that they have completely read, fully understand, and voluntarily accept the Agreement's terms following opportunity for review by legal counsel of their choice.

16. Each party further warrants and represents that no party or its representative has made any promise, representation or warranty, express or implied, except as set forth in this Agreement and that each party has not relied on any inducements, promises or representations made by any party to this Agreement, or its representatives, or to any other person, except as expressly set forth herein.

17. This Agreement was negotiated by the Parties, each of whom had the opportunity to participate in the drafting hereof.  It is therefore the intent of the Parties that words of this Agreement shall be construed as a whole so as to effect their fair meaning and not for or against any party in any subsequent dispute, the Parties having waived the benefit of California Civil Code § 1654 and similar laws.

18. Each party to this Agreement represents and warrants that each person whose signature appears in this Agreement has been duly authorized and has the full authority to execute this Agreement on behalf of the person, persons or entity who is a party to this Agreement.

19. The Agreement is binding on each party and on its successors in interest, transferees and assigns.

20. This Agreement is governed by the laws of the United States; and, to the extent state law applies, the Agreement is governed by California law.

21. This Agreement constitutes the complete agreement between the Parties.  It may not be amended except by the parties' written consent.

22. If any term, provision, covenant or condition of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remainder of the provisions shall

remain in full force and effect.

23.  Except as expressly provided to the contrary in this Agreement, each party shall bear its own legal and other costs incurred in connection with this action, including the preparation and performance of this Agreement.

24.  This Agreement may be executed in counterparts and circulated for signatures by facsimile or electronic transmission.  All such counterparts, together, shall be deemed one document.  The Agreement is effective as of the date it is signed.

FOR THE UNITED STATES OF AMERICA:

                                                    BENJAMIN B. WAGNER
                                                    United States Attorney

Dated: March 1, 2013                    By: _/s/Kurt A. Didier
                                               KURT A. DIDIER
                                               Assistant United States Attorney

FOR DEFENDANT AMY LOPEZ:

Dated: January 30, 2013                By: /s/Amy Lopez
                                              AMY LOPEZ, ESQ., in pro per

**ORDER**

The Court, having reviewed the court files and parties' settlement agreement (the Agreement) and finding good cause therefor, hereby APPROVES the terms of the Agreement. The stipulated entry of judgment as provided in the Agreement shall be entered as a separate judgment.

IT IS SO ORDERED.

**Dated:   March 1, 2013**           /s/  **Lawrence J. O'Neill**
                                     UNITED STATES DISTRICT JUDGE